IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 23-13909-CC

UNITED STATES OF AMERICA,

        Appellee,

v.

RAFAEL DANIEL DE LA CRUZ JIMENEZ,

        Appellant.

_____/

## CERTIFICATE OF INTERESTED PERSONS AND UNITED STATES'S MOTION FOR SUMMARY AFFIRMANCE

Undersigned counsel for the United States of America hereby certifies that the following is a complete list of persons and entities who have an interest in the outcome of this case:

Acosta, R. Alexander

Almon, Jr., Thomas Franklin

Bardfeld, Laurence M.

Brenner, Michael

De La Cruz-Jimenez, Rafael Daniel

Dimitrouleas, Hon. William P.

Fajardo Orshan, Ariana

Ferrer, Wifredo A.

**United States v. Rafael De La Cruz Jimenez, Case No. 23-13909-CC**
**Certificate of Interested Persons**

Gonzalez, Juan Antonio

Greenberg, Benjamin G.

Jiménez, Marcos Daniel

Lapointe, Markenzy

Madera-Sanchez, Luis Alejandro

Matzkin, Daniel

McKenna, Paul A.

O'Connor, Eileen

O'Malley, Thomas Anthony

Rosenblatt, Robert A.

Seltzer, Hon. Barry S.

Sloman, Jeffrey H.

Smachetti, Emily M.

Snow, Hon. Lurana S.

Taylor, Skip

*/s/ Michael Brenner*
Michael Brenner
Assistant United States Attorney

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO. 23-13909-CC

UNITED STATES OF AMERICA,

        Appellee,

v.

RAFAEL DANIEL DE LA CRUZ JIMENEZ,

        Appellant.

_____/

## <u>UNITED STATES'S MOTION FOR SUMMARY AFFIRMANCE</u>

Appellee, the United States of America, requests that the Court summarily affirm the district court's orders denying its own motion regarding a sentence reduction under 18 U.S.C. § 3582(c)(2) and appellant Rafael Daniel De La Cruz Jimenez's motion to reconsider. The district court found that the 18 U.S.C. § 3553(a) factors weighed against a sentence reduction. On appeal, Jimenez shows no error, let alone an abuse of discretion. This Court should summarily affirm.

1

## Procedural History

### a.    Conviction, Sentence, and Direct Appeal

In 2002, Jimenez and his co-defendant piloted a small plane from the Dominican Republic to Fort Lauderdale, Florida, with 455 kilograms of cocaine on board (Presentence Investigation Report "PSI" ¶¶ 5, 11). Jimenez pleaded guilty to conspiring to possess with intent to distribute cocaine, possessing with intent to distribute cocaine, conspiring to import cocaine, and importing cocaine, all in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 963 (DE 6; DE 44).

Before Jimenez's sentencing, his co-defendant went to trial (DE 63). At the trial, Jimenez testified that his co-defendant did not know there was cocaine on the plane (DE 101 at 24–30). The jury rejected his testimony (*id.*).

A probation officer prepared the PSI for Jimenez's sentencing. In the report, the probation officer calculated a total offense level of 42, which included a two-level increase for piloting the plane, a two-level increase for obstruction of justice, and no decrease for acceptance of responsibility (PSI ¶¶ 16–22, 25). With zero criminal history points, Jimenez's criminal history category was I, yielding a guideline range of 360 months to life imprisonment (*id.* ¶¶ 28, 62). Jimenez objected to the offense level calculation and requested a downward departure based on alleged coercion and duress, including threats of physical violence to him and his family, if he refused to pilot the load of cocaine to the United States (DE 75).

At the sentencing hearing, the district court overruled Jimenez's objections. While acknowledging that it was "possible that someone could have threatened" Jimenez and it was "possible" his co-defendant was merely "a dupe," the district court explained that neither was "likely" nor "reasonable" in light of the evidence (DE 101 at 24–25). "The likely, reasonable explanation" was that Jimenez and his co-defendant "together were smuggling a large amount of cocaine into the United States" (*id.* at 25). And none of it "change[d] the fact that [Jimenez] was a pilot" (*id.*). As for acceptance of responsibility, although Jimenez pleaded guilty, his "fabricated," "perjurious testimony" at his co-defendant's trial "negated his accepting responsibility by pleading guilty" (*id.* at 25–28).

Ultimately, the district court sentenced Jimenez to 360 months' imprisonment, the bottom of the guideline range (DE 88).

Jimenez appealed (DE 90). This Court affirmed the district court's application of the two-level enhancement for obstruction of justice because Jimenez falsely testified in his co-defendant's trial (DE 108 at 8–11). And because of that false testimony, this Court explained that the district court correctly found Jimenez was not entitled to a reduction for acceptance of responsibility (*id.* at 11–14).

### b.    Jimenez's Relevant Prior Motions

In 2005, Jimenez filed an initial § 2255 motion to vacate his conviction and sentence (DE 116; DE 117). Jimenez raised three claims, including that his counsel

3

provided ineffective assistance by advising him that there was no downside to testifying at his co-defendant's trial (DE 118). After an evidentiary hearing, the district court found Jimenez's counsel "tried to dissuade [him] from testifying" and told him that "he had to tell the truth and that he could lose three (3) points for acceptance of responsibility" (DE 122 at 3). Accordingly, the district court denied the motion (*id.*).

In 2015, the district court denied Jimenez's motion for a sentence reduction based on Guidelines Amendment 782 (DE 172). After finding that Jimenez was ineligible for a reduction because the amendment did not lower his guideline range, the district court concluded that even if Jimenez was eligible, the § 3553(a) factors weighed against a reduction (*id.* at 2–3). The district court explained that a reduction was "not appropriate" given Jimenez's "perjured testimony . . . at the co-defendant's trial" and that the original sentence was "a fair sentence," appropriately accounting for the needs "to protect the public, promote respect for the law[,] and act as a deterrent" (*id.*).

In 2021, the district court denied Jimenez's emergency motion for compassionate release for the same reasons (DE 206). The district court found that "[e]ven if De La Cruz-Jimenez could show extraordinary and compelling reasons, the requested relief would not promote respect for the law or act as a deterrent,"

noting that "455 kilograms were seized" and "[t]he Court previously concluded that Jimenez committed perjury in this case" (*id.* at 1–2).

### c.    The Instant Motion

Following the Sentencing Commission's adoption of Amendment 821, the district court was proactive. On October 4, 2023, the district court *sua sponte* ordered the government to respond whether Jimenez was entitled to relief under Part B of Amendment 821 (DE 216). The government conceded that Jimenez was eligible because Amendment 821 lowered his guideline range (to 292 to 365 months' imprisonment) (DE 217 at 10–12). But the government argued that the § 3553(a) factors weighed against a reduction (*id.* at 11–13). First, Jimenez provided false testimony at his co-defendant's trial—a factor the district court previously found weighed heavily against a sentence reduction (*id.* at 12). Second, Jimenez committed a serious offense by smuggling over 450 kilograms of cocaine (*id.*). And, third, those factors both evidenced the strong need for Jimenez's sentence to promote respect for the law and provide deterrence (*id.*).

On November 2, 2023, the district court denied the motion—its own motion— under 18 U.S.C. § 3582(c)(2) (DE 219; DE 221). The district court explained that it had "considered the factors in 18 U.S.C. § 3553(a)" and "agree[d] with the Government's response" (*id.* at 2).

On November 27, 2023, the district court received a notice of appeal from Jimenez post-dated November 17, 2023 (DE 222). *See* Fed. R. App. P. 4(c) (if an inmate confined in an institution files a notice of appeal, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing). Thus, his notice of appeal was untimely by one day. Nevertheless, because the notice of appeal was filed within the 30-day "excusable neglect" period, Fed. R. App. P. 4(b)(4), the government does not challenge the timeliness of his notice of appeal. *See United States v. Lopez*, 562 F.3d 1309, 1313 (11th Cir. 2009) (holding that "the deadline in Rule 4(b) for a defendant to file a notice of appeal in a criminal case . . . is not jurisdictional"). This Court therefore has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

A day after his notice of appeal arrived at the district court, so did Jimenez's "Motion for Reconsideration," dated by Jimenez as November 16, 2023, but post-dated November 20, 2023 (DE 225). He argued that the district court erred by basing its denial "on a single 3553(a) factor of dangerousness based on 3C1.1 obstruction in connection with the nature of the charge" (*id.* at 2). Jimenez then cited four pages of compassionate release cases "show[ing] defendants with unimaginable post-sentencing behavior . . . were granted relief under the higher 3582(c)(1)(A)(i) standards" (*id.* at 4).

On November 29, 2023, the district court denied the motion, explaining that it had "previously reviewed the factors in 18 U.S.C. § 3553(a) and denied relief" and that "[n]othing ha[d] changed [its] decision not to exercise discretion to grant relief" (DE 226 at 1 citing DE 172 and DE 206). As to Jimenez's citation of numerous compassionate release cases, the district court pointed out that the fact that other judges may have exercised discretion to grant relief" was "not controlling" (*id.*).

Jimenez timely amended his notice of appeal to include the district court's order denying his motion to reconsider, with the envelope appearing to be post-dated December 7, 2023 (DE 230 at 5).

## Standards of Review

This Court reviews *de novo* the district court's legal determination of whether a defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012). But the decision to grant or deny an eligible defendant's request for a sentence reduction is reviewed only for abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). "When review is only for abuse of discretion, it means that the district court had a range of choice and that [this Court] cannot reverse just because [it] might have come to a different conclusion had it been [its] call to make." *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (quotations omitted).

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Summary disposition is a tool available to the Court for cases that do not warrant extended discussion. *United States v. Paradies*, 98 F.3d 1266, 1277 n. 13 (11th Cir. 1996) (determining that other less meritorious issues that do not warrant discussion are subject to summary affirmance).

## Argument

The district court properly denied Jimenez a sentence reduction following Guidelines Amendment 821. Section 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). So, the statute authorizes three parties to move for a sentence reduction: (1) the defendant; (2) the Director of the Bureau of Prisons; and (3) the district court. The statute then sets out a two-step inquiry to evaluate such a motion. *See Dillon v. United States*, 560 U.S. 817 (2010).

First, the court must determine if the defendant is eligible for relief, that is, whether a retroactive amendment lowered the defendant's guideline range and relief is consistent with the applicable policy statement. *Id*. at 826–27. Second, if a defendant is eligible for relief, the court must consider the 18 U.S.C. § 3553(a) factors, *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." USSG § 1B1.10, cmt. n.1(B).[1]

## I.    Jimenez was eligible for relief.

On its own motion, the district court correctly determined that Jimenez was eligible for relief. Part B of Amendment 821 established a retroactive two-level reduction for "certain zero-point offenders" under § 4C1.1. USSG § 1B1.10(d). Because Jimenez met the criteria in § 4C1.1(a), his offense level was reduced from 42 to 40. At an offense level 40 and criminal history category I, Jimenez's amended guideline range became 292 to 365 months, a reduction from his previous range of

---

[1]    The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

9

360 months to life. Thus, Jimenez was eligible for relief because he was originally sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

## II.    The district court did not abuse its discretion by concluding that the § 3553(a) factors weighed against a sentence reduction.

Step two of the inquiry requires a district court to consider the § 3553(a) factors, but "its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009). A district court "abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Tinker*, 14 F.4th 1234, 1241 (11th Cir. 2021) (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)). When considering the § 3553(a) factors, a district court "need not exhaustively analyze each" factor, "articulate its findings in great detail," or address "all of the mitigating evidence." *Id.* (citation and quotation marks omitted). An "acknowledgement by the district court that it considered the § 3553(a) factors and the parties' arguments is sufficient." *Id.* Accordingly, this Court will affirm where "the record as a whole demonstrates that the pertinent factors were taken into account by the district court." *Williams*, 557 F.3d at 1256.

Here, the record demonstrates that the district court took the pertinent, relevant, and proper § 3553(a) factors into account. In denying its own motion, the district court explained that it "considered the factors in 18 U.S.C. § 3553(a)" and "agree[d] with the Government's response" (DE 219 at 2). The government's response emphasized that Jimenez provided false testimony at his co-defendant's trial, Jimenez committed a serious offense by smuggling over 450 kilograms of cocaine, and there was a strong need for Jimenez's sentence to promote respect for the law and provide deterrence (DE 217 at 12). All of these were proper § 3553(a) considerations, and the district court's acknowledgement that it considered the § 3553(a) factors and reference to the government's recitation of the facts was sufficient. *See, e.g.*, *United States v. Eggersdorf*, 126 F.3d 1318, 1322 (11th Cir. 1997) (concluding that the district court's brief order referencing the government's response that highlighted facts "relevant" to the § 3553(a) inquiry was sufficient).

Additionally, in denying Jimenez's motion, (DE 225),[2] the district court cited to its prior orders and explained that it had "previously reviewed the factors in 18

---

[2]    Although Jimenez styled his motion as a motion for reconsideration, there is no procedural mechanism for seeking reconsideration of a sentence outside the limited context of Federal Rule of Criminal Procedure 35(a). *See United States v. Phillips*, 597 F.3d 1190, 1199–1201 (11th Cir. 2010). That said, Jimenez's motion may be construed as a successive § 3582 motion. *Caraballo-Martinez*, 866 F.3d at 1245 ("The statute itself does not prohibit successive § 3582(c)(2) motions."); *United States v. Mederos-Jimenez*, 748 F. App'x 289, 290 (11th Cir. 2019) ("Our Circuit precedent says district courts have jurisdiction to entertain successive motions for a sentence reduction if the district court denied the initial motion for a

U.S.C. § 3553(a) and denied relief" and that "[n]othing ha[d] changed [its] decision not to exercise discretion to grant relief" (DE 226 at 1, citing DE 172 and DE 206). In its prior orders, the district court found that a sentence reduction was "not appropriate" primarily because of Jimenez's "perjured testimony . . . at the co-defendant's trial," (DE 172 at 2–3; DE 206 at 2 & n.2 ("the defendant committed perjury in this case")). The district court also found in its prior orders that the original sentence was "a fair sentence" that appropriately accounted for the needs "to protect the public, promote respect for the law[,] and act as a deterrent," (DE 172 at 3), and that "the requested relief would not promote respect for the law or act as a deterrent" in a case where "455 kilograms were seized" (DE 206 at 2 & n.2). The district court's reference to its prior analysis of the § 3553(a) factors was sufficient. *Caraballo-Martinez*, 866 F.3d at 1248 (affirming denial of sentence reduction where "the district court referred back" to its § 3553(a) analysis from a prior order); *United States v. Jackson*, 2022 WL 11119987, at *2 (11th Cir. Oct. 19, 2022) (summarily affirming denial of sentence reduction where "the district court referred back to its previous order finding that the § 3553(a) factors weighed against" relief).

Moreover, the district court's emphasis on Jimenez's perjury was not an abuse of discretion as it was "relevant to his history and characteristics and the need to

---

sentence reduction. We therefore construe Mederos-Jimenez's motion for reconsideration as a successive § 3582(c) motion.").

promote respect for the law." *United States v. Joseph*, 626 F. App'x 893, 896 (11th Cir. 2015). The district court would have been well within its discretion to deny a sentence reduction on that factor alone. *See United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021) ("The weight accorded to any one § 3553(a) factor is a matter committed to the sound discretion of the district court, and a court may attach great weight to one factor over others." (quotation marks omitted)); *see also United States v. Riveras*, 807 F. App'x 965, 968 (11th Cir. 2020) (affirming denial of sentence reduction where district court relied on defendant's "perjury" under § 3553(a)); *Joseph*, 626 F. App'x at 896 (affirming high-end sentence where defendant committed "perjury at trial and at his post-conviction habeas proceeding"). Thus, the district court did not abuse its discretion by concluding that the § 3553(a) factors weighed against a sentence reduction.

### III.    Jimenez's arguments on appeal are meritless.

Jimenez argues the district court erred by (1) acting on its own motion before February 1, 2024; (2) analyzing the issue under § 3582(c)(2) instead of § 3582(c)(1)(A); (3) referring to its prior orders' analysis of the § 3553(a) factors; and (4) failing to consider his post-sentencing rehabilitative conduct (Br. at 12–17). Jimenez also contends that these errors require this Court to remand this case to another district judge (*id.* at 18–19).

First, the district court properly acted on its own motion before February 1, 2024. Section 3582(c)(2) authorized the district court to act "on its own motion." 18 U.S.C. § 3582(c)(2). And Guidelines § 1B1.10(e)(2) did not restrict the district court's ability to deny relief under Amendment 821 before February 1, 2024. *See* USSG § 1B1.10(e)(2). As the commentary makes clear, "[s]ubsection (e)(2) . . . does not preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before February 1, 2024." *Id.* § 1B1.10 cmt. n.7. The provision only barred a district court from *reducing* a defendant's term of imprisonment before February 1, 2024. *Id.* § 1B1.10(e)(2) ("The court shall not order a reduced term of imprisonment based on Part A or Part B, Subpart 1 of Amendment 821 unless the effective date of the court's order is February 1, 2024, or later.").

Second, district court correctly analyzed the motion under § 3582(c)(2) instead of § 3582(c)(1)(A). The district court was analyzing its own motion "under 18 U.S.C. § 3582(c)(2)," (DE 221), and Jimenez moved the district court "for reconsideration of [the] order denying [its §] 3582(c)(2) motion," (DE 225 at 1). Nevertheless, the analysis would have been the same. Both §§ 3582(c)(2) and 3582(c)(1)(A) require the district court to consider the § 3553(a) factors before granting relief, and a district court may skip the "extraordinary and compelling" reasons" analysis and deny a § 3582(c)(1)(A) motion solely on § 3553(a) grounds.

14

*Tinker*, 14 F.4th at 1240 ("we hold that a district court doesn't procedurally err when it denies a request for compassionate release based on the § 3553(a) sentencing factors . . . without first explicitly determining whether the defendant could present 'extraordinary and compelling reasons'").

As to Jimenez's citation of numerous compassionate release cases where district judges around the country exercised discretion to grant relief for a multitude of reasons, the district court treated them appropriately. The district court acknowledged those cases and correctly explained that whether other judges would have exercised discretion in this case was "not controlling" (DE 226 at 1). Indeed, even if *this Court* would have granted relief, it "cannot reverse just because [it] might have come to a different conclusion had it been [its] call to make." *Harris*, 989 F.3d at 912 (quotations omitted).

Third, as explained above, the district court properly referred to its prior orders' analysis of the § 3553(a) factors. *See Caraballo-Martinez*, 866 F.3d at 1248 (district court referred back to its prior § 3553(a) analysis in denying § 3582(c) motion); *Jackson*, 2022 WL 11119987, at *2 (same); *United States v. Wilson*, 327 F. App'x 150, 152 (11th Cir. 2009) (same).

Jimenez's reliance on *United States v. Wert*, 2023 WL 5745487, at *3 (11th Cir. Sept. 6, 2023), is misplaced. In *Wert*, the defendant's sentencing judge did not consider his motion for a sentence reduction. *Id.* Another judge did, and that judge

denied the motion based on the "relevant [§ 3553(a)] factors considered by the sentencing judge." *Id.* Yet, there was no transcript of the original sentencing and "none of the sentencing materials" revealed which § 3553(a) factors the sentencing judge considered. *Id.* Consequently, the record was insufficient for appellate review. *Id.* That is not true here.

Fourth, it is unclear what alleged post-sentencing rehabilitation Jimenez is referring to. Regardless, the district court was not required to consider it. *Caraballo-Martinez*, 866 F.3d at 1249 (rejecting argument "that the district court did not give sufficient weight to [defendant's] post-conviction conduct when it weighed the § 3553(a) factors" because, although it "may" do so, "the district court is not required to consider such conduct").

Finally, this Court should reject Jimenez's request to remand this case to a different district judge. Setting aside the fact that the district court made no error here and there is no reason to remand, reassignment is still inappropriate. "Reassignment is appropriate where the trial judge has engaged in conduct that gives rise to the appearance of impropriety or a lack of impartiality in the mind of a reasonable member of the public." *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989). Here, the district judge went out of his way for Jimenez. The district judge could have, like the majority of district courts, left the issue alone and awaited a potential motion. But, instead, the district judge raised the prospect of a sentence

reduction on his own to ensure that Jimenez would receive a reduction if one were appropriate (DE 216). Simply put, the district judge here did nothing to give rise to an appearance of impropriety or lack of impartiality.

Jimenez points to *Torkington* and *United States v. Plate*, 839 F.3d 950, 957 (11th Cir. 2016), but those cases do not help him. In *Torkington*, this Court remanded to a different district judge because the original judge, after being reversed earlier in the case, "dismissed the case at the first opportunity," "questioned the wisdom of the substantive law he had to apply and challenged the government's decision to prosecute Torkington," "stated at various times that he felt the taxpayer had little interest in this type of suit," and termed the prosecution "silly," "a waste of the taxpayers' money," and a "vendetta." *Torkington*, 874 F.2d at 1447. In *Plate*, this Court remanded to a different district judge because the original judge imposed a prison term "based solely on [a] factor, which [was] not a permissible consideration under [§] 3553(a)" and later "confirmed and reiterated his consideration" of that factor and "stated [his] belief that Plate's arguments on appeal were 'frivolous.'" *Plate*, 839 F.3d at 957–58. The district judge here did nothing even close.

17

## **Conclusion**

For all these reasons, this Court should summarily affirm the district court's orders denying its own motion regarding a sentence reduction under 18 U.S.C. § 3582(c)(2) and Jimenez's motion to reconsider.

Respectfully submitted,

Markenzy Lapointe
United States Attorney

By:    */s/ Michael Brenner*
Michael Brenner
Assistant United States Attorney
99 N.E. 4th Street, 5th Floor
Miami, FL 33132
(305) 961-9052
Michael.Brenner@usdoj.gov

Daniel Matzkin
Chief, Appellate Division

Emily M. Smachetti
Assistant United States Attorney

Of Counsel

18

**CERTIFICATE OF COMPLIANCE**

This response complies with the type-volume limitation of Rule 27(d)(2) of the Federal Rules of Appellate Procedure because it contains 4,061 words.

This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements for Fed. R. App. P. 32(a)(6) because this response has been prepared in a proportionally-based typeface using Microsoft Word 2010, 14-point Times New Roman.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 9, 2024, the foregoing motion for summary affirmance was filed by CM/ECF and served by United States Mail on Rafael Daniel De La Cruz Jimenez, *pro se*, Reg. No. 56269-004, FCI Oakdale I – Inmate Legal Mail, P.O. Box 5000, Oakdale, LA 71463.


*/s/ Michael Brenner*
Michael Brenner
Assistant United States Attorney